

ALEXANDER C. GRAY,

    Plaintiff,

v.

Civil Action No. 3:25-cv-00742-RCY


**COMMONWEALTH SAVERS (f/k/a Virginia College Savings Plan),**

**MARY G. MORRIS,** in her individual and official capacities,

**CAROLYN BISHOP,** in her individual and official capacities, and

**DEBBIE ALLAN,** in her individual and official capacities,

    Defendants.


## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SUBSTITUTE SECOND CORRECTED PROPOSED SECOND AMENDED COMPLAINT

### INTRODUCTION

Plaintiff seeks leave to substitute a source-conforming version of the proposed Second Amended Complaint while his amendment motion remains pending. The substitute does not add or broaden any claim, party, event, exhibit, requested relief, or damages theory. It corrects the presentation of existing allegations and gives the Court and Defendants a complete redline against ECF No. 26-1.

## BACKGROUND

Plaintiff filed his Motion for Leave to File Second Amended Complaint on October 23, 2025. (ECF No. 22.) Plaintiff later lodged the corrected proposed pleading at ECF No. 26-1. The Court has not yet ruled on the amendment motion, and ECF No. 26-1 has not become the operative pleading.

Plaintiff thereafter conducted a comprehensive source-conformity review. The resulting proposed substitute narrows or conforms quoted language, attribution, related citations, one copied-recipient reference, and five descriptions in the exhibit index that forms part of the proposed pleading. Attachment A is the clean substitute. Attachment B shows every change from ECF No. 26-1.

## ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that a court should freely give leave when justice so requires. The Supreme Court has instructed that this mandate is to be heeded. Foman v. Davis, 371 U.S. 178, 182 (1962). The requested substitution readily satisfies that standard. First, the substitute does not expand the litigation. It asserts the same claims against the same parties, arising from the same events and seeking the same relief. No new exhibit is added. The changes instead make the proposed pleading more precise and, in several places, narrower. Second, substitution causes no unfair prejudice. The proposed pleading is not yet operative, so no answer or other response has become due to it. Defendants will receive both the clean version and a complete redline, allowing immediate identification of every change. Plaintiff does not request supplemental briefing on the merits of ECF No. 22 unless the Court directs otherwise.

2

Third, substitution promotes an accurate and efficient record. Allowing the Court to evaluate the

pending amendment motion by reference to the source-conforming version will avoid later

disputes concerning quotations or descriptions without altering the issues already presented.

## CONCLUSION

The Court should grant Plaintiff's Motion and deem Attachment A substituted for ECF No. 26-1

as the proposed pleading considered with the pending Motion for Leave to File Second Amended

Complaint.

Respectfully submitted,

**Alexander C. Gray (pro se)**
150 N. Snow Canyon Dr., Unit 19
Ivins, UT 84738
(804) 335-7579
zandergray1@gmail.com
Dated: July 16, 2026

3