7/31/2026

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ALEXANDER C. GRAY,

     Plaintiff,

v.                      Civil Action No. 3:25-cv-00742-RCY

COMMONWEALTH SAVERS (f/k/a Virginia College Savings Plan),
MARY G. MORRIS, in her individual and official capacities,
CAROLYN BISHOP, in her individual and official capacities, and
DEBBIE ALLAN, in her individual and official capacities,

     Defendants.

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO SUBSTITUTE
SECOND CORRECTED PROPOSED SECOND AMENDED COMPLAINT
INTRODUCTION**

Defendants' opposition (ECF No. 29) offers no substitution-specific objection. It preserves the

futility objection in ECF No. 24, including the pre-decision causation theory stated at ECF No.

15 at 8–9 and ECF No. 21 at 4. (ECF No. 29 at 1–2.) Plaintiff already disputed that theory and

the factual inferences supporting it at ECF No. 25 at 2–4. Plaintiff rests on that completed

briefing and does not seek a separate supplemental brief on ECF No. 22 unless the Court directs

otherwise. (ECF No. 28 at 2.) He identifies here only one intervening published decision, issued

after that merits briefing, that bears on the already-joined theory: *Lee v. West Virginia University

Medical Corp.*, No. 25-1306, slip op. at 19–24 (4th Cir. July 10, 2026).

**I.   ECF NO. 29 IDENTIFIES NO SUBSTITUTION-SPECIFIC BASIS FOR DENIAL**

ECF No. 29 identifies no undue delay, bad faith, or prejudice arising from the requested

substitution. The substitute pleading adds no claim, party, event, exhibit, or requested relief.

(ECF No. 28 at 1–2.) Plaintiff served Defendants with a clean copy and a complete redline against ECF No. 26-1. (ECF No. 27 at 1–2.)

Defendants' only objection is futility of amendment generally — an argument fully briefed at ECF Nos. 24 and 25. Allowing the Court to evaluate the pending amendment motion against the source-conforming version promotes an accurate record without changing any claim or response obligation. The Court should grant the substitution.

## II.  DEFENDANTS' PRE-DECISION THEORY DOES NOT ESTABLISH FUTILITY ON THE FACE OF THE PROPOSED SAC

A proposed amendment is futile if the claim it presents would not survive a motion to dismiss. *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019); ECF No. 24 at 2 (same). Defendants' causation argument in the dismissal briefing treats the June 27 meeting as the operative decision, rendering the June 30 termination the execution of a choice already made. (ECF No. 15 at 8–9; ECF No. 21 at 4.) ECF No. 24 relied on the same underlying FMLA facts and theories and incorporated Defendants' dismissal arguments; ECF No. 29 then preserved ECF No. 24. (ECF No. 24 at 1–3; ECF No. 29 at 1–2.) That argument does not establish a causation defect on the face of the Second Corrected Proposed Second Amended Complaint (ECF No. 27-2) ("Proposed SAC"). It depends on resolving the pleaded June 27–30 chronology in Defendants' favor, which the futility standard does not permit.

In *Lee,* the Fourth Circuit affirmed summary judgment on the plaintiff's ordinary-removal theory because undisputed evidence showed the removal process began before protected activity, slip op. at 19–20, but vacated summary judgment on his alternative acceleration-based retaliation theory: a factual dispute remained whether, after the protected complaints, the employer withdrew a softer transition and substituted an immediate, materially more drastic course. *Id.* at

21–24. *Lee* thus confirms that the timing and effect of the June 27–30 events are material to the causation analysis, and the Rule 12 standard requires that pleaded chronology to be read in Plaintiff's favor.

The Proposed SAC pleads that sequence:

June 27 meeting — Ultimatum: resign or be terminated. (Proposed SAC ¶24.)

June 27, close of business — Plaintiff did not resign. Defendants did not terminate him. (Proposed SAC ¶27.)

June 27, 5:09 p.m. — Bishop texts Plaintiff: "we are disabling your access now through the weekend and we will reenable access on Monday morning and we will reach out then" (Proposed SAC ¶28).

June 30, 8:46 a.m. — Plaintiff texts: "I need to take PTO today for family medical reasons" (Proposed SAC ¶29).

June 30, 11:50 a.m. — Termination letter created. (Proposed SAC ¶34.)

June 30, 12:13 p.m. — Defendants terminated Plaintiff, three hours and twenty-seven minutes after his family-medical notice. (Proposed SAC ¶¶43, 47, 53.) The termination letter stated that benefits continued "through today, June 30, 2025." (Proposed SAC ¶35.)

Read as a whole and in Plaintiff's favor, this pleaded sequence supports the reasonable inference that the June 27 ultimatum had not ripened into a final termination decision and that further action remained for Monday. The Proposed SAC expressly alleges that "no final decision was made on June 27." (Proposed SAC ¶25.) Defendants themselves framed their pre-decision theory as an inference to be drawn from Plaintiff's allegations after accepting them as true. (ECF No. 21 at 4.) Accepting the pleading as a whole — not isolating the ultimatum in paragraph 24 — prevents Defendants from converting their preferred inference into a pleaded fact.

Plaintiff's primary position is that no final termination decision existed on June 27. Alternatively, even if the June 27 ultimatum reflected an intent to separate, the pleaded Monday re-enable-and-reach-out course and the post-notice creation of an immediate termination support the reasonable inference of a materially different post-notice course. (Proposed SAC ¶¶27–29, 34–35, 52–55.) That alternative assumes an intent to separate only for purposes of argument; it does not concede that a final termination decision predated the notice or that any separation already had fixed timing or terms.

<strong>CONCLUSION</strong>

The Court should grant the Motion (ECF No. 27) and deem Attachment A substituted for ECF No. 26-1 as the proposed pleading considered with the pending Motion for Leave (ECF No. 22). The Court need not resolve ECF No. 22 to grant substitution; when it resolves that motion, it should evaluate the Proposed SAC under the Rule 12 standard and *Lee*.

Respectfully submitted,

Alexander C. Gray
150 N. Snow Canyon Dr., Unit 19
Ivins, UT 84738
Telephone: (804) 335-7579
Email: zandergray1@gmail.com
Plaintiff, pro se

Dated: July 31, 2026

4

## LOCAL CIVIL RULE 83.1 CERTIFICATION

I declare under penalty of perjury that:
(1) No attorney has prepared, or assisted in the preparation of this document.

Alexander C. Gray, Plaintiff, pro se
Executed on: July 31, 2026

## CERTIFICATE OF SERVICE

I certify that on July 31, 2026, I served a true and correct copy of the foregoing document by

electronic mail, pursuant to counsel's agreement to accept service by electronic mail, at the

following addresses:

Maya M. Eckstein, Hunton Andrews Kurth LLP — meckstein@hunton.com
C. Randolph Sullivan, Hunton Andrews Kurth LLP — rsullivan@hunton.com
Reilly C. Moore, Hunton Andrews Kurth LLP — rmoore@hunton.com


Alexander C. Gray, Plaintiff, pro se

6