IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ALEXANDER C. GRAY,
Plaintiff,

v.

COMMONWEALTH SAVERS PLAN, *et al.*,
Defendants.

Civil Action No. 3:25CV742 (RCY)

**MEMORANDUM ORDER**

This matter comes before the Court on Plaintiff Alexander C. Gray's Motion for Leave to File a Second Amended Complaint ("Motion," ECF No. 22) and Motion for Leave to File Revised Second Amended Complaint ("Revised Motion," ECF No. 35). Also pending before the Court are Plaintiff's Motion for Leave to Substitute Second Corrected Proposed Second Amended Complaint (ECF No. 27), and Defendants Commonwealth Savers Plan, Mary G. Morris, Carolyn Bishop, and Debbie Allan's ("Defendants") Motion to Dismiss for Failure to State a Claim (ECF No. 14), filed in connection with the currently operative (First) Amended Complaint, ECF No. 6.

The proposed Second Amended Complaint would narrow the action to three claims: Family and Medical Leave Act ("FMLA") interference (29 U.S.C. § 2615(a)(1)); FMLA retaliation (29 U.S.C. § 2615(a)(2)); and Procedural Due Process under 42 U.S.C. § 1983, while the Revised Motion would add a fourth claim for written defamation under Virginia law. *See* ECF Nos. 22-2, 35-1. Defendants oppose the Motion,[1] arguing amendment is futile because it would not resolve the deficiencies identified in their pending Motion to Dismiss.

[1] Defendants have not yet responded to the Revised Motion, and their time to do so has not passed. However, because Defendants have responded to Plaintiff's earlier-filed motions seeking leave to file a Second Amended Complaint, and because the Court finds that the controlling legal principle driving the disposition of the initial Motion

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave is ordinarily granted absent undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Laber v. Harvey*, 438 F.3d 404, 426–29 (4th Cir. 2006) (en banc). Delay alone is an insufficient reason to deny the plaintiff's motion to amend. *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). A proposed amended complaint is futile if it cannot withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019).

The Court has reviewed the revised proposed Second Amended Complaint, ECF No. 35-1, and accepted all of Plaintiff's factual allegations as true, drawn all reasonable inferences in favor of the Plaintiff, and weighed the parties' arguments on the futility of amendment. Based on its review, the Court finds that the proposed amended complaint, taken as a whole, is not futile, i.e., at least one of Plaintiff's claims survives 12(b)(6) scrutiny.

For this reason, the Court GRANTS the Motion for Leave to File Revised Second Amended Complaint (ECF No. 35). Accordingly, the Court DENIES AS MOOT all pending Motions pertaining to earlier-filed versions of the complaint (ECF Nos. 14, 22, 27). The Clerk is DIRECTED to re-file the (revised) Second Amended Complaint (ECF No. 35-1) and its accompanying attachments (ECF No. 35-2) as a new entry on the Docket. This will become the operative pleading for purposes of this action. Defendants are DIRECTED to file a responsive

applies with equal force to the Revised Motion and no additional briefing would change that fact, in the interest of the judicial economy and the parties' conservation of resources vis-à-vis further briefing, the Court accelerates the consideration of the Revised Motion.

pleading to the now-operative Second Amended Complaint within fourteen (14) days of the entry of this Order.

Let the Clerk file this Memorandum Order electronically, notify all counsel accordingly, and mail a copy to Plaintiff, who is proceeding *pro se*.

It is so ORDERED.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 30, 2026
Richmond, Virginia