# EEOC/FEPA MODEL WORKSHARING AGREEMENT

WORKSHARING AGREEMENT

BETWEEN

Virginia Office of the Attorney General, Office of Civil Rights

(Full Name of FEPA)

And

THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

EEOC – Charlotte District Office

(Name of EEOC District Office)

FOR FISCAL YEAR 2024

## I. INTRODUCTION

A. The Virginia Office of the Attorney General, Office of Civil Rights, hereinafter referred to as the FEPA, has jurisdiction over allegations of employment discrimination filed against employers with six or more employees occurring within the Commonwealth of Virginia based on race, color, religion, national origin, sex, pregnancy, childbirth or related medical conditions, age, marital status, sexual orientation, gender identity, disability or military status pursuant to the Code of Virginia of 1950 ("Va. Code") Va. Code §§ 2.2-520 *et seq*. and 2.2-3900 *et seq*.

The U.S. Equal Employment Opportunity Commission, hereinafter referred to as the EEOC, has jurisdiction over allegations of employment discrimination occurring throughout the United States where such charges are based on race, color, religion, sex (including pregnancy, gender identity and sexual orientation), or national origin, all pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e et seq.) (hereinafter referred to as Title VII). The EEOC also has jurisdiction to investigate and determine charges of discrimination based on age (40 or older) under the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C. § 621 et seq.)(ADEA); for unequal wages based on

sex under the Equal Pay Act of 1963, as amended (29 U.S.C. § 206(d)) (EPA); over allegations of employment discrimination based on disability pursuant to Title I of the Americans with Disabilities Act of 1990, as amended (42 U.S.C. § 12101 et seq.)(ADA); over the use or acquisition of genetic information as the basis for employment decisions pursuant to Title II of the Genetic Information Nondiscrimination Act of 2008 (42 U.S.C. § 2000gg et seq.)(GINA); and over allegations alleging failure to provide a reasonable accommodation based on pregnancy, childbirth, or related conditions, pursuant to the Pregnant Workers Fairness Act of 2022 (42 U.S.C. § 2000gg et seq.) (PWFA). Section 709 (b) of Title VII and the procedural regulations, 29 C.F.R.§ 1601.13(c), and §1626.10 for ADEA cases, provide for the EEOC to enter into worksharing agreements with FEPAs, such that FEPAs can receive pay to investigate some EEOC claims.

B. In recognition of, and to the extent of the common jurisdiction and goals of the two Agencies, and in consideration of the mutual promises and covenants contained herein, the FEPA and the EEOC hereby agree to the terms of this Worksharing Agreement (Agreement), which is designed to provide individuals with an efficient procedure for obtaining redress for their grievances under appropriate Commonwealth of Virginia and Federal laws.

## II. FILING OF CHARGES OF DISCRIMINATION

A. In order to facilitate the assertion of employment rights, the EEOC and the FEPA each designate the other as its agent for the purpose of receiving and drafting charges, including those that are not jurisdictional with the agency that initially receives the charges. The EEOC's receipt of charges on the FEPA's behalf will automatically initiate the proceedings of both the EEOC and the FEPA for the purposes of Section 706(c) and (e)(1) of Title VII. This delegation of authority to receive charges does not include the right of one agency to determine the jurisdiction of the other agency over a charge. Charges can be transferred from one agency to another in accordance with the terms of this Agreement.

B. The FEPA shall take all charges alleging a violation of Title VII, ADEA, EPA, GINA, the ADA, or PWFA where both the FEPA and the EEOC have mutual jurisdiction, or where the EEOC only has jurisdiction, so long as the allegations meet the minimum requirements of the applicable statute, and for charges specified in Section III. A. 1. below, and refer them to the EEOC for initial processing.

C. Each agency will inform individuals of their rights to file charges directly with the other agency and or assist any person alleging employment

discrimination to draft a charge in a manner that will satisfy the requirements of both agencies to the extent of their common jurisdiction. Normally, once an agency begins an investigation, it resolves the charge. Charges may be transferred between the EEOC and the FEPA in accordance with the terms of this Agreement. Each agency will advise charging parties that charges will be resolved by the agency taking the charge except when the agency taking the charge lacks jurisdiction or when the charge is to be transferred in accordance with Section III of this Agreement.

D. When the FEPA's Complaint Questionnaire ("Complaint") has allegations that fall within the EEOC's jurisdiction and the Complaint is filed with the FEPA, the date the charge is filed with the FEPA and with the EEOC for the purposes of the statute of limitations shall be the date when the FEPA receives the Complaint Questionnaire or other equivalent document if (1) it is in writing under oath or affirmation and (2) it contains the information required under 29 C.F.R. 1601.12(a). Within ten calendar days of receipt of the Complaint or other document containing these required indicia, the FEPA shall electronically transmit the Complaint or other equivalent document to the designated EEOC representative for that geographic area and notify the EEOC whether it intends to investigate the Complaint or defer it to the EEOC.

Within ten calendar days of receiving the Complaint or other equivalent document with the indicia described above, the FEPA shall provide appropriate notice to the Respondent that a charge has been filed in a form of notice acceptable to both the FEPA and the EEOC.

Within ten calendar days of receiving the Complaint, each agency agrees that it will notify both Charging Party and Respondent of the dual-filed nature of each such charge it receives for initial processing and explain the rights and responsibilities of the parties under the applicable Federal, State, or Local statutes.

When a Complaint is received based on disability, the nature of the disability shall not be disclosed on the face of the document transmitted to the EEOC.

## III. DIVISION OF INITIAL CHARGE-HANDLING RESPONSIBILITIES

The primary responsibility for handling charges at the intake and investigation stages[1] between the FEPA and the EEOC will be divided as follows:

---

[1] The terms "investigation" or "investigate" for purposes of this Agreement includes all intake and investigative evidence gathering actions, communications and correspondence related to inquiries and filed charges including interviews of potential claimants and witnesses; review and assessment of charges; jurisdiction and duplication of charge assessments; contract credit requests/assessments, etc. This does not include matters at the litigation stage.

A. The EEOC will investigate all Title VII, EPA, ADA, GINA, ADEA, and PWFA charges that it originally receives, and the FEPA will investigate all charges that it originally receives under its respective state or local statutes.

1. For charges originally received by the EEOC and/or to be initially investigated by the EEOC, the FEPA waives its right of exclusive jurisdiction to initially investigate such charges for a period of 60 days for the purpose of allowing the EEOC to proceed immediately with the investigation of such charges before the 61st day.

In addition, the EEOC will initially investigate the following charges:

a. All Title VII, ADA, PWFA and concurrent Title VII/ADA charges jurisdictional with the FEPA and received by the FEPA 240 days or more after the date of violation;

b. All disability-based charges that may not be resolved by the FEPA in a manner consistent with the ADA.

c. All concurrent Title VII/EPA charges;

d. All charges against the FEPA or its parent organization where such parent organization exercises direct or indirect control over the charge decision-making process;

e. All charges filed by EEOC Commissioners;

f. All charges filed by EEOC Office Directors under EPA and/or ADEA;

g. Charges also covered by the Immigration Reform and Control Act;

h. Complaints referred to the EEOC by the U.S. Department of Justice; the U.S. Department of Labor, Office of Federal Contract Compliance Programs; or Federal fund-granting agencies under 29 CFR §§ 1640, 1641, and 1691;

i. Any charge where the EEOC is a party to a Conciliation Agreement or a Consent Decree that is relevant to the charge;

j. Any charge alleging retaliation for filing a charge with the EEOC or for cooperating with the EEOC;

k. All charges against Respondents that are designated for initial investigation by the EEOC in a supplementary memorandum to this Agreement; and

l. All charges filed under GINA.

2. The FEPA will initially process the following types of charges under its respective state or local statutes:

a. Any charge alleging retaliation for filing a charge with the FEPA or cooperating with the FEPA;

b. Any charge where the FEPA is a party to a Conciliation Agreement that is relevant to the charge. The FEPA will notify the EEOC on a quarterly basis of all Conciliation Agreements;

c. All charges that allege more than one basis of discrimination where at least one basis is not covered by the laws enforced by the EEOC but is covered by the state or local laws enforced by the FEPA, or where the EEOC is mandated by federal court decision or by internal administrative EEOC policy to dismiss the charge, but the FEPA is not required to dismiss that charge under state or local law;

d. All charges against Respondents that are designated for initial processing or investigation by the FEPA in a supplementary memorandum to this Agreement agreed to by the EEOC; and

e. All disability-based charges against Respondents over which the EEOC does not have jurisdiction.

B. Notwithstanding any other provision of the Agreement, the FEPA or the EEOC may request to be granted the right to initially process or investigate any charge subject to agreement of the other agency. Such variations shall not be inconsistent with the objectives of this Worksharing Agreement or the Contracting Principles.

C. The EEOC and the FEPA may agree to cooperate and investigate cases together for the good of the public. The EEOC District Director and the FEPA Executive Director/Administrator will reduce to writing how the agencies will work together, setting forth the division of labor and how the agencies will proceed to jointly investigate. The charging parties (if any) and respondents will be informed of the division of labor and the intent to investigate together to ensure transparency in the investigative process to

better serve the public. In the event of a dispute in this subsection, the agencies will resolve the dispute under Section VI.D that governs resolving disputes. Both agencies agree to represent a united front to the relevant employer and the employer's employees and applicants for employment involved in the matter.

## IV. EXCHANGE OF INFORMATION

A. In furtherance of cooperative and coordinated efforts envisioned by Title VII and the procedural regulations, the FEPA and the EEOC will make available for inspection and copying to appropriate officials from the other agency, charge processing information that may assist the agency in carrying out its investigative responsibilities, as is practicable. Such information may include case information contained in investigative files and other material or data as may be related to the processing of dual filed charges or administration of the contract. Each agency is permitted to withhold, in its discretion, deliberative, confidential, and otherwise privileged information. The receiving agency will not provide the shared information to third parties without the express written consent of the agency that provided the information originally, except as required by law. The agency accepting information agrees to comply with any confidentiality requirements imposed on the agency providing the information to the extent possible under applicable law. With respect to all information obtained from the EEOC, the FEPA agrees to observe the confidentiality provisions of Title VII, ADA, PWFA, GINA, ADEA, and the Privacy Act. The parties understand that this provision is for investigative purposes only and any information obtained cannot be used outside the investigative process.

B. In order to expedite the resolution of charges or facilitate the working of this Agreement, either agency may request or permit personnel of the other agency to accompany or to observe its personnel when investigating a charge.

## V. RESOLUTION OF CHARGES

A. Both agencies will adhere to the procedures set out in the EEOC's State and Local Handbook, including current revisions.

B. For the purpose of according substantial weight to the FEPA's final finding and order, the FEPA must submit to the EEOC copies of all documents pertinent to conducting a substantial weight review; the evaluation will be

designed to determine whether the following items have been addressed in a manner sufficient to satisfy the EEOC requirements; including, but not limited to:

1. jurisdictional requirements,

2. investigation and resolution of all relevant issues alleging personal harm with appropriate documentation and using proper theory,

3. relief, if appropriate,

4. mechanisms for monitoring and enforcing compliance with all terms of conciliation agreements, orders after public hearing, or consent orders to which the FEPA is a party.

C. In order to be eligible for contract credit and/or payment, submissions must meet all the substantive and administrative requirements as stipulated in the Contracting Principles.

D. For the purposes of determining eligibility for contract payment, a final action is defined as the point after which Charging Party has no administrative recourse, appeal, or other avenue of redress available under applicable State and Local statutes.

## VI. IMPLEMENTATION OF THE WORKSHARING AGREEMENT

A. Each agency will designate a person as liaison official for the other agency to contact concerning the day-to-day implementation for the Agreement. The liaison official for the FEPA will be Christine Lambrou Johnson, Senior Assistant Attorney General, Section Chief. The liaison official for the EEOC will be Eyerusalem Haile, SLTP Coordinator.

B. The agencies will monitor the allocation of charge-processing responsibilities as set forth in the Agreement. Where it appears that the overall projection of charges to be processed appears inappropriate, the appropriate portions of this Agreement will be modified to ensure full utilization of the investigation and resolution capacities of the FEPA and rapid redress for allegations of unlawful employment discrimination.

C. The agencies agree to work together in furtherance of the EEOC's current Strategic Plan objectives when assessing the allocation of charges under the Agreement and to cooperate in compliance and enforcement efforts as well as training, outreach and technical assistance efforts encompassed by the Strategic Plan.

D. If a dispute regarding the implementation or application of this Agreement cannot be resolved by the FEPA Executive Director/Administrator and the EEOC District Office Director, the issues will be reduced to writing by both parties and forwarded to the EEOC Director of the Office of Field Programs (OFP) who may request additional information from the FEPA Executive Director/Administrator or the EEOC District Director. The Director of OFP's determination is final and may include, among other things, rescission of this Agreement and contract for services. This dispute resolution mechanism is the exclusive remedy for all disputes arising under this Agreement.

E. This Agreement shall operate from the first day of October 2023 to the thirtieth day of September 2024 and may be renewed or modified by mutual consent of the parties.

I have read the foregoing Worksharing Agreement and I accept and agree to the provisions contained therein.

Date: 11/16/2023

Christine Lambrou Johnson

Senior Assistant Attorney General, Section Chief
FEPA Title

Virginia Office of Civil Rights, Office of Attorney General
FEPA Name

Date: 11/17/23

ELIZABETH RADER Digitally signed by ELIZABETH RADER Date: 2023.11.17 10:49:12 -05'00'

EEOC Signature

District Director

EEOC Title

Charlotte District

EEOC District Name