FILED
11/17/2026
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

ALEXANDER C. GRAY, Plaintiff,

v. Civil Action No. 3:25-cv-00742-RCY

COMMONWEALTH SAVERS PLAN, et al., Defendants.

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SUBMIT NEWLY RECEIVED WORKSHARING RECORDS

## I. The records became available after submission of the reply.

Gray requested the agreement operative on April 11, 2026 from the Virginia Office of the Attorney General (OAG) on November 9. On November 13, he renewed the request for voluntary production. OAG supplied the attached contract and Virginia addendum at 5:23 p.m. Eastern that day, after Gray had served and submitted his reply through EDSS. Ex. C. These materials were therefore unavailable for inclusion in the reply when it was submitted.

Local Civil Rule 7(F)(1) requires leave for further briefs or written communications. Gray seeks that leave for the agency-produced documents and this limited explanation of their relevance to the existing worksharing argument. His reply expressly requested an opportunity to supply Contract 45310026C0005's executed terms or official confirmation before denial. Reply at 5.

## II. The production supplies the Virginia-specific provisions discussed in the reply.

Contract 45310026C0005 states a performance period of October 1, 2025 through September 30, 2026. Ex. A § F.1(A), at 9. Section H.1 II.A designates each agency as the other's agent for receiving and drafting charges. It provides that EEOC receipt on the FEPA's behalf "will automatically initiate the proceedings of both the EEOC and the FEPA" for purposes of sections 706(c) and (e)(1). Id. at 13. The accompanying addendum identifies Virginia OCR as the FEPA and includes disability within its jurisdiction. Ex. B § I.B, at 1.

For charges originally received by the EEOC or initially investigated by it, the FEPA "waives its right of exclusive jurisdiction" for sixty days to allow immediate EEOC investigation. Ex. A § H.1 III.A.1, at 14. Under 29 C.F.R. § 1601.13(a)(4)(ii)(A), a qualifying charge within a waived category is deemed filed upon EEOC receipt and is timely if received within 300 days. The produced terms directly support TAC paragraph 69E and the argument that the April 11 charge was timely without an additional sixty-day waiting period. ECF No. 43-2 at 173-175; Reply §§ III.A-C, at 3-5.

OAG produced these documents in response to Gray's request for the agreement operative on April 11. Ex. C. The supplied contract contains uncompleted signature blocks, and Gray offers it as the copy OAG produced, not as a signed copy. Ex. A at 1. Its contract number matches the federal award record already submitted as Reply Exhibit 3. Gray requests consideration of this agency production together with the existing charge record.

**III. The requested supplementation is limited.**

The submission concerns the precise FY2026 worksharing issue already briefed. It adds no claim and changes no requested relief. Gray asks the Court to accept Exhibits A-C and consider this memorandum's limited explanation, allowing any focused response the Court considers appropriate. He does not seek replacement of the submitted reply or reopening of unrelated issues.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SUBMIT NEWLY RECEIVED WORKSHARING RECORDS**

Respectfully submitted,

Alexander C. Gray, Plaintiff pro se
150 N. Snow Canyon Dr., Unit 19
Ivins, UT 84738
(804) 335-7579 | zandergray1@gmail.com
Date: November 13, 2026

**CERTIFICATION**

I declare under penalty of perjury that:
(1) No attorney has prepared, or assisted in the preparation of this document.

Alexander C. Gray
Name of Pro Se Party (Print or Type)

Signature of Pro Se Party
Executed on: November 13, 2026